**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES--GENERAL**

CASE NO.  SACV 11-00097 DOC (AJW)                              DATE: June 26, 2012

TITLE: <u>Gregory Head v. City of Costa Mesa Police Dep't, et al.</u>
====================================================
PRESENT:        HON.  ANDREW J. WISTRICH, U.S. MAGISTRATE JUDGE

        <u>Ysela Benavides</u>
        **Deputy Clerk**                                **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**     **ATTORNEYS PRESENT FOR DEFENDANTS:**
      None                                                              None

## ORDER TO SHOW CAUSE REGARDING DISMISSAL

On January 28, 2011, an order was filed granting plaintiff, a non-prisoner, leave to proceed in forma pauperis ("IFP"), that is, without prepayment of the filing fee, and plaintiff's civil rights complaint was filed.  The complaint names as defendants the City of Costa Mesa Police Department, Costa Mesa Chief of Police Christopher Shawkey, Costa Mesa Police Officer Kuo, two unidentified Costa Mesa police officers (collectively, the "Costa Mesa defendants"), the Orange County Sheriff's Department, former Orange County Sheriff Michael Carona, and four unidentified Orange County deputy sheriffs (collectively, the "Orange County defendants").

A plaintiff proceeding IFP is entitled to service of process by the United States Marshal; however, plaintiff must file a request for service before an order for marshal service will be issued.  If plaintiff fails to file such a request, he remains responsible for service of process.  <u>See</u> Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ."); <u>Boudette v. Barnette</u>, 923 F.2d 754, 757 (9th Cir. 1991)("An IFP plaintiff must request that the marshal serve his complaint before the marshal will be responsible for such service. [The IFP plaintiff] did not request service by the marshal and so remained responsible for timely service.").

Plaintiff did not file a request for service by the United States Marshal, nor has plaintiff filed a proof of service as to any defendant. None of the Orange County defendants has appeared in this action.[1]  Accordingly, **within fourteen (14) days** of the date of this order plaintiff is ordered to show cause, if any there be, why his claims against the Orange County defendants should not be dismissed for failure to prosecute and failure to timely serve the summons and complaint.  Plaintiff may attempt to show cause by filing a declaration under penalty of perjury with supporting exhibits, if necessary.  Plaintiff's failure to show cause, or his failure to respond to this order  within the time allowed, may result in the dismissal of his claims against the Orange County defendants with prejudice.

**IT IS SO ORDERED.**

cc:      Parties

---

[1]  The City of Costa Mesa Police Department appeared in this action, and some of plaintiff's claims against the Costa Mesa defendants have already been dismissed.  A report and recommendation has been filed recommending dismissal of the remaining claims against the Costa Mesa defendants.  Accordingly, this order to show cause concerns only the Orange County defendants.